IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK04-41534 |
| ) | A07-4047-TJM |
| RICHARD E. CARLSON, ) | |
| ) | CH. 7 |
| Debtor(s). ) | |
| RICHARD E. CARLSON, ) | |
| ) | Filing No. 31, 34, 35, 39, 43 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DEUEL COUNTY INTERSTATE BANC ) | |
| COMPANY and DEUEL COUNTY STATE ) | |
| BANK, ) | |
| ) | |
| Defendants. ) | |

ORDER

Hearing was held in Omaha, Nebraska, on January 7, 2008, regarding Filing No. 31, Motion to Quash and/or Motion for Protective Order, filed by First National Bank; Filing No. 39, Resistance, filed by the debtor; Filing No. 34, Motion to Quash, Motion for Protective Order, filed by The Kansas Bankers Surety Company; Filing No. 43, Resistance, filed by the Debtor; Filing No. 35, Objection to Subpoena for Production of Documents, filed by Bankers' Bank of the West. Richard E. Carlson appeared pro se; Steven Mulligan appeared for Deuel County Interstate Banc Company and Deuel County State Bank; Michael Munson and Ann Hoover appeared for The Kansas Bankers Surety Company; Susan Williams appeared for First National Bank; and John Selzer appeared for Bankers' Bank of the West.

In this adversary proceeding, the plaintiff, who is the debtor in the underlying bankruptcy case, has sued the defendants Deuel County Interstate Banc Company and Deuel County State Bank for determination of the extent and validity of their claims in his bankruptcy case. He is challenging the accuracy and completeness of various bank records concerning loans to him or loans to others for which he has assumed liability both in criminal proceedings and in a non-dischargeability judgment entered in a separate adversary proceeding. In addition to challenging the accuracy and completeness of the records provided to him by the defendants, he is challenging the accuracy of the accountings for proceeds of collateral, surety bond payments, litigation proceeds, and the application of the funds to his obligations to the defendants.

In support of his position, the plaintiff has subpoenaed records from the First National Bank, Chappell, Nebraska, an entity that took over many of the assets of defendant Deuel County State Bank, including certain loans to him; The Kansas Bankers Surety Company, an entity that provided a bond to protect the bank from defalcation by an officer and which may have provided coverage for a derivative lawsuit brought by shareholders against the bank and its directors; Bankers' Bank of the West, a bank which had originally loaned the plaintiff funds for stock purchase and which assigned its rights under the loan documents to the defendants.

Each of the entities subject to the subpoena for production of documents has filed a motion to quash or a motion for protective order or an objection to the subpoena. Following a recent

hearing on those motions, this court quashed the subpoena addressed to The Kansas Bankers Surety Company and quashed the subpoena directed to Bankers' Bank of the West on the basis that this court, sitting in the District of Nebraska, did not have jurisdiction to issue a subpoena to a non-party entity located in a different federal court district. However, the remaining issues in the motions filed by each of the movants were taken under advisement. This order covers the resolution of those motions.

FIRST NATIONAL BANK ("FNB")

The First National Bank asserts that it no longer has the actual records requested by the plaintiff, but that all of the documents subject to the subpoena are on microfiche and it does not have equipment capable of reading the microfiche documents. It suggests that the plaintiff should attempt to obtain the requested documents from the defendants before requiring it to expend the time of its employees in an attempt to find the appropriate microfiche documents. At oral argument, counsel for the bank also suggested that some of the information requested concerned persons or entities other than the plaintiff and the bank believes it is prohibited by law from providing such information without consents from the affected individuals or entities.

With regard to that portion of the objection dealing with information about persons or entities other than the plaintiff, the objection is granted. The plaintiff, at the hearing, stated that he believed he could obtain consents from the appropriate parties and would do so. Until that happens, First National Bank is not required to provide any information to the plaintiff about any parties other than himself.

Concerning that portion of the objection dealing with the microfiche issues and the asserted fact by the bank that the plaintiff should be able to get the same information from the defendants, the motion is tentatively granted. Although the plaintiff claims that he never gets everything he asks for from the defendants, and that he cannot trust what he does get, prior to attempting to get the information from this bank, he should specifically request the same documents from the defendants and then, if the documents supplied are not comprehensive, he may ask for a hearing on the subpoena to this bank limited to specific documents that he does not receive from the defendants.

In paragraph 8 of the subpoena, the plaintiff requests copies of all documents, inventories, indices, or summaries of the personal property, records, and the documents in the possession and control of FNB since October 31, 2003, that originally belonged to or pertained to any of the following individuals or entities: Richard E. Carlson, Susan K. Carlson, Andrew E. Carlson, Peter R. Carlson, Edna N. Carlson, or her estate, and Elmo A. Carlson, or his estate. As suggested above, he has no right to any of the information concerning any person or entity other than himself until he provides the appropriate consents. With that caveat, the bank, if it has any such materials, should provide copies to Richard E. Carlson, but limit the production to matters pertaining to Richard E. Carlson.

Similarly, paragraph 9 requests copies of documents delivered from FNB to the defendant concerning the same people listed in paragraph 8, plus Leola Carlson. With the same caveat as above concerning consents, the bank, if it has any of the materials, should provide those materials which relate to Richard E. Carlson to him.

Paragraph 10 requests copies of receipts for transfer, shipping, mailing or delivery of the personal property referenced in paragraph 9 to the defendants. If the bank has such receipts, they should be provided.

Paragraph 11 requests copies of the documents and communications between FNB and the defendants regarding the transfer referenced in request number 9. If the bank has any such documents and communications, it should provide them to Mr. Carlson.

In paragraph 12, the plaintiff requests copies of all subpoenas, summonses, court orders, and administrative orders served upon FNB regarding Richard E. Carlson, and any responses and answers thereto. If the bank has such documents, they should be provided to Mr. Carlson.

In paragraph 13, the plaintiff requests copies of itemization or listing of all FNB officers and employees that participated and/or assisted in inventory, transfer, shipment, mailing, or delivery of the personal property, records and documents referred to in paragraph 9. If the bank has such a list, it should be provided to Mr. Carlson.

In paragraph 14, the plaintiff requests certain information concerning a checking account and a savings account. If the bank has such information, it should be provided to Mr. Carlson.

In paragraph 16, the plaintiff requests copies of any documents authorizing disposition or closing of the checking and savings accounts referred to in paragraph 14. If the bank has such documents, they should be provided to Mr. Carlson.

Similarly, in paragraph 17, the plaintiff is requesting copies of documents authorizing the transfer of the items listed in paragraph 9. If the bank has such documents, they should be provided to Mr. Carlson.

The bank should provide the copies of documents referred to above, if any, by March 14, 2008. If the bank is unable to find some or all of the above referenced documents, it should file a notice with the court of its inability to comply with this order and the reasons for such inability to comply.

THE KANSAS BANKERS SURETY COMPANY

The Kansas Bankers Surety Company, although excused from compliance with this subpoena because it was not issued by the proper court, also suggests that if it is properly served with a duplicate, it should not have to comply because the plaintiff should first request the information directly from the defendants. It also suggests that the subpoena requests correspondence that contains privileged information about a bank customer and The Kansas Bankers Surety Company is prohibited by law from disclosing under the Gramm-Leach-Bliley Act (15 U.S.C. §§ 6801-6827). Finally, it argues that compliance with the subpoena would require its staff to spend excessive amounts of time searching for the documents requested.

The first part of the motion is well taken. As with the requests to the First National Bank discussed above, the plaintiff should first request all of the materials from the defendants and only if such requests result in apparently incomplete documents should the subpoena to The Kansas Bankers Surety Company be revisited. However, that portion of the motion that suggests The Kansas Bankers Surety Company is prohibited by law from disclosing some of the information requested is not accepted. The exception to the prohibition on disclosing certain information found at 15 U.S.C. § 6802(e)(8) permits The Kansas Bankers Surety Company to provide such information upon receipt of an authorized subpoena.

Lastly, when and if this subpoena issue is revisited, if The Kansas Bankers Surety Company wants to argue that compliance with the subpoena will take too much time and effort, this court will

need a realistic estimate of the time and effort to be expended. If the issue is revisited, the request to The Kansas Bankers Surety Company must be limited to policies, applications, claims, payments dealing with Richard E. Carlson and his actions or defalcation and the derivative lawsuit brought against the bank. The requests in the current subpoena are too broad and cover matters that may have nothing to do with Richard E. Carlson or claims resulting from his actions.

<u>BANKERS' BANK OF THE WEST ("BBW")</u>

Following the hearing on the motions to quash and the objection to the subpoena filed by BBW, an order was entered granting the objection filed by BBW to the extent this court did not have jurisdiction to issue the subpoena. Other matters raised in the objection shall now be discussed.

BBW suggests that compliance with the subpoena would require it and its employees to expend significant time and expense in producing, copying, and delivering the documents to the location requested and subjects BBW to an undue burden. In addition, the objection states that most of the documents have been previously supplied to Mr. Carlson's attorney, or are public records which could be obtained from the public filing office, or from the defendants.

Since the defendants, or one of them, purchased the loans which are the subject of this subpoena, the plaintiff is directed to first address his requests contained in the subpoena directly to the defendants. One or both of the defendants purchased the notes after the bankruptcy petition was filed and should have a complete record of what was received from BBW. If, upon receiving a response to such a request directed to the defendants, the plaintiff believes there are documents missing which BBW should have, he may request a hearing on his previously filed motion to compel discovery, and the issue of the scope of any subpoena to be issued by the appropriate court will be discussed.

At such hearing, if BBW continues to assert that it will impose upon BBW an onerous burden to have to comply with a subpoena in this case, BBW will be expected to present reasonable estimates of the time involved.

<u>CONCLUSION</u>

Mr. Carlson is requested to refrain from attempting to obtain a subpoena from the district or bankruptcy court of the District of Kansas or the district or bankruptcy court of the District of Colorado at this time. He is requested to make specific inquiries concerning the various documents included in these subpoenas to the defendants and give the defendants approximately 60 days to respond. After such a response, if he is not satisfied with the production, he may request a hearing at which we will revisit the various issues discussed here. Upon receipt of the documents First National Bank has been directed to provide, or receipt of a notice of the inability of the First National Bank to comply, Mr. Carlson may request a hearing and that matter will be revisited.

SO ORDERED.

DATED:    January 28, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    Richard E. Carlson
    Steven Mulligan
    *Michael Munson
    *Ann Hoover
    *Susan Williams
    *John Selzer
    United States Trustee

*Movant is responsible for giving notice of this order to other parties if required by rule or statute.