IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| RICHARD E. CARLSON, | ) | |
| | ) | CASE NO. BK04-41534-TJM |
| Debtor(s). | ) | A07-4047-TJM |
| RICHARD E. CARLSON, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| DEUEL COUNTY INTERSTATE BANC COMPANY and DEUEL COUNTY STATE BANK, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the court on the debtor-plaintiff's motion for partial summary judgment (Fil. #177) and objection by the defendants (Fil. #179). The debtor-plaintiff represents himself, and the defendants are represented by Robert V. Ginn, Steve Grasz, and Patrick R. Turner. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

In this adversary proceeding, the plaintiff, who is the debtor in the underlying bankruptcy case, has sued the defendants Deuel County Interstate Banc Company and Deuel County State Bank (hereafter collectively referred to as "Deuel") for determination of the extent, validity, and amount of their claims in his bankruptcy case, and specifically for determination of the amount he owes on a stipulated $1.9 million nondischargeable judgment. With this motion for partial summary judgment, he is attempting to challenge the basis of that judgment.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Ricci v. DeStefano, ___ U.S. ___, 129 S. Ct. 2658, 2677 (2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine

issue for trial." Id. (quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also Celotex Corp., 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial").

The parties agree on the following facts:

1. On April 29, 2004, Richard E. Carlson filed for bankruptcy protection under Chapter 11 in the United States Bankruptcy Court for the District of Nebraska (Case No. BK04-41534). The case was converted to a Chapter 7 bankruptcy on October 4, 2004.

2. On April 29, 2004, Susan K. Carlson, the plaintiff's wife, filed for bankruptcy protection under Chapter 12 in the United States Bankruptcy Court for the District of Nebraska (Case No. BK04-41527).

3. On October 15, 2004, the Deuel entities filed an amended complaint in Adversary Proceeding No. A04-4091 to liquidate claims and determine dischargeability of their claims against Mr. Carlson.

4. On October 25, 2005, Deuel filed a stipulation regarding the liquidation and nondischargeability of claims and a motion for entry of judgment in the amount of $1.9 million.

5. The stipulation was approved by the bankruptcy court on October 26, 2005.

6. On August 30, 2005, the United States District Court for the District of Nebraska accepted Mr. Carlson's plea agreement and plea of guilty in Criminal Case No. 4:05CR3056, and entered a restitution order against Mr. Carlson in the amount of $1,888,179.15 on September 2, 2005.

7. On July 2, 2007, Mr. Carlson filed an amended complaint in Adversary Proceeding No. A07-4047 seeking, in part, to determine the validity, priority, and extent of Deuel's interest in property of the bankruptcy estate and property of Mr. Carlson, and to determine and account for amounts paid to or received by Deuel. On September 28, 2007, Deuel filed its answer to the amended complaint. The answer included affirmative defenses. On November 2, 2007, Mr. Carlson served discovery upon Deuel, and discovery has been ongoing since that date.

8. Certain loans are referenced in the proceedings and related orders in the preceding paragraphs. The following amounts, facts and terms are hereby stipulated between the parties:

> a. $224,341.36. Outstanding balance of Loan No. 23410, which was sold by Deuel to First National Bank of Sidney, Nebraska, in 2003. (Mr. Carlson believes one annual payment may not have been credited on the loan and he reserves the right to present evidence thereof.)

b. $546,837,79. Outstanding balance of Loan No. 24204, which was sold by Deuel to First National Bank of Sidney, Nebraska, in 2003.

c. $20,000.00. Original principal balance of Loan No. 24405, which was sold by Deuel to First National Bank of Sidney, Nebraska, in 2003.

d. $222,300.00. Original principal balance of Loan No. 24397, which was paid in 2003.

e. $36,433.56. Setoff by Deuel against bank accounts in the names of Mr. Carlson's sons in 2003.

f. $5,080.22. Setoff by Deuel against bank accounts belonging to Richard Carlson and/or Susan Carlson in 2003 (Deuel has been unable to obtain documentation of this event and reserves the right to present additional evidence as to this item).

g. $159,000.00. Setoff of dividends by Deuel on or about November 3, 2003.

h. $158,290.04. Grain sale proceeds applied by Deuel in October 2005 on Loan No. 23943 in the original principal amount of $140,000.00, which loan has been settled.

i. $770,000.00. Bond settlement proceeds received by Deuel from Kansas Bankers Surety Company on or about December 23, 2005.

j. $106,368.87. Payment received from First National Bank of Sidney, Nebraska, on or about December 29, 2005, from the sale of loans to First National Bank of Sidney.

k. $63,600.00. Setoff of dividends by Deuel on or about January 12, 2006.

l. $75,000.00. Setoff of dividends by Deuel on or about August 20, 2007.

m. $51,418.91. Total proceeds from the sale of grain produced in 2007 on real estate in which the ownership interests of Susan Carlson and Richard Carlson did secure or had secured Loan No. 24398. Deuel received this amount on or about January 24, 2008.

n. $16,000.00. Payment received from former trustee in BK04-41534 on or about February 27, 2008, from the sale of an irrigation sprinkler.

o. $527,500.00. Gross sale proceeds from the sale of real estate in which the ownership interests of Susan Carlson and Richard Carlson did secure or had secured Loan No. 24398, which was sold by Deuel on or about April 18, 2008. Loan No. 24398 has been settled.

        p.  $2,125.00. From $25.00 and $200.00 quarterly and monthly payments made by Mr. Carlson pursuant to the restitution order in Criminal Case No. 4:05CR3056.

        q.  275 shares of stock in Deuel County Interstate Banc Company are an asset in Mr. Carlson's bankruptcy case.

Mr. Carlson maintains that the stipulated settlement in Adv. Proc. A04-4091 is based on ten underlying loans. One of those loans has been paid off, and certain others were sold. If Mr. Carlson were successful on this motion, he presumably would be in a position to argue that the amount of the $1.9 million judgment against him should be reduced accordingly.

However, Deuel's amended complaint in Adv. Proc. A04-4091 raised claims for breach of fiduciary duty, fraudulent misrepresentation, fraudulent concealment, conversion, civil conspiracy, and unjust enrichment, and asked that Mr. Carlson's liability to Deuel be excepted from discharge under § 523(a)(11). Deuel also asked for monetary damages for its loss, including "[d]amages equal to the amount that Defendant Richard Carlson received as compensation and other benefits paid during the period of his breach of his duties to Plaintiffs." Am. Compl. at 11 (Fil. #4 in Adv. Proc. A04-4091).

Section 523(a)(11) does not discharge an individual debtor from any debt

> provided in any final judgment, unreviewable order, or consent order or decree entered in any court of the United States or of any State, issued by a Federal depository institutions regulatory agency, or contained in any settlement agreement entered into by the debtor, arising from any act of fraud or defalcation while acting in a fiduciary capacity committed with respect to any depository institution or insured credit union[.]

It essentially covers debts arising from the same conduct as addressed in § 523(a)(4), but § 523(a)(11) has a narrower scope "because it is limited to acts of fraud or defalcation committed with respect to any depository institution or insured credit union." Bankers Trust Co. v. Hoover (In re Hoover), 301 B.R. 38, 53 (Bankr. S.D. Iowa 2003).

The parties' stipulation, dated Sept. 1, 2005, expressly states that Deuel and Mr. Carlson "stipulate that [Deuel's] claims against Richard E. Carlson as set forth in the Amended Complaint are nondischargeable pursuant to 11 U.S.C. § 523(a)(11) in the amount of $1,900,000.00[.]" Ex. B to Fil. #27 in Adv. Proc. A04-4091, at ¶ 2. The stipulation was approved and judgment entered by the court at Filing #28 in that case.

It is clear from the stipulation and the amended complaint that more was at issue than simply the amounts owed on nine or ten loans. The parties came to the conclusion that $1.9 million was a reasonable estimate of damages. Based on a review of the pleadings, agreed facts, and briefs submitted, it cannot be determined as a matter of law that the $1.9 million stipulated judgment was based on the various notes referred to by the parties.

IT IS ORDERED: The debtor-plaintiff's motion for partial summary judgment (Fil. #177) is denied.

DATED:    June 3, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Richard E. Carlson
    Robert V. Ginn
    Steve Grasz
    Patrick R. Turner
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.